IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER LUCIANNO CURBELLO

        Petitioner,                        No. CIV-S-05-2138 FCD CMK P

    vs.

MARTY C. AMDERSON, Warden, et al.,

        Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        Petitioner is in federal custody in Minnesota but subject to a detainer from El Dorado County, California, therefore, jurisdiction is proper in this court. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n. 15 (1973) (stating that where prisoner is incarcerated in one state but subject to a detainer issued by another state, federal courts in more than one state may have personal jurisdiction over the action). Petitioner alleges that the El Dorado County

1

detainer has served to deny his access to the half-way house program offered under § 3621 and §3624, limited his participation in certain programs and employment opportunities, resulted in him being classified as a low security prisoner instead of a minimum security prisoner.  He does not allege that he lost any good time credits or that the denial access to the half-way house program increased his federal confinement.[1]  The gravemen of petitioner's writ is that his right to a speedy disposition of the El Dorado County detainer warrants pursuant to the Interstate Agreement on Detainer Act was violated.  He states that he is not attacking his federal conviction rather, he is asking for relief from the detainer and the underlying state charges.

        Because petitioner does not allege that he lost good time credits or that his conviction has been extended by the detainer warrant, his continued confinement does not violate the federal constitution, a prerequisite for federal habeas corpus relief.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  To the extent that petitioner is challenging the conditions of his confinement, federal habeas relief is not available.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas petition is proper method to challenge legality or duration of confinement, but civil rights action is proper method of challenging conditions of confinement).  Accordingly, it is appropriate to dismiss this action without issuing an order to show cause.  See 28 U.S.C. § 2243; Harris v. Nelson, 394 U.S. 286, 298-99 (1969).

        IT IS ORDERED that petitioner's request to proceed in forma pauperis is granted.

        IT IS RECOMMENDED that petitioners application for a writ of habeas corpus be dismissed.

///

///

---

[1] Petitioner states he "may be able to qualify for a half-way house if the detainer were dropped and resolved.  Release is currently scheduled to be on or about December 21st, 2005.  This date is if no half-way house time is granted and all good time credits are given and should include the 54 days per year time credit that should be received although it appears that the Bureau of Prisons only issues an average of 47 thereby extending release by fourteen (14) days."  (Pet.'s Mem. in Support of § 2241 at 8-9.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   February 22, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE